

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00486-CV

_____

JACKIE GAFF (AKA JACKIE GOFF), Appellant

V.

PHH MORTGAGE CORPORATION AND U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR-IN-INTEREST TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-RPI, Appellees

---

On Appeal from the 48th District Court
Tarrant County, Texas
Trial Court No. 048-354083-24

---

Before Bassel, Birdwell, and Wallach, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

## I. Introduction

In eight issues, Appellant Jackie Gaff (a/k/a Jackie Goff), pro se, appeals from the trial court's order granting the Rule 91a motion to dismiss filed by Appellees PHH Mortgage Corporation and U.S. Bank Trust Company, National Association, as trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RPI. Because we conclude that there is no appealable final judgment, we dismiss Gaff's appeal for want of jurisdiction.

## II. Background

Gaff's petition shows that she filed suit against the following defendants: PHH Mortgage Corporation; AVT Title Services, LLC; Donna Stockman; Power Default Services, Inc.; Residential Asset Mortgage Products, Inc.; Mortgage Asset Backed Pass Through Certificates, Series 2007-RPI; Saundra White; and U.S. Bank Trust Company, National Association. Gaff brought the underlying suit because of defendants' "misconduct related to falsification of business records[,] including the [d]eed of [t]rust[], [n]otes, payment histories, servicing, loan modifications[,] and

2

nonjudicial foreclosures related to [her] home."[1] Gaff claimed that she had been harmed through defendants' numerous unfair and deceptive practices and that she had been forced to defend against multiple nonjudicial foreclosures in which defendants "have yet to provide any legal evidence of the debt, default[,] and her legal obligation to pay any [d]efendant." Gaff alleged that the purported note and deed had been extinguished or voided "multiple times" due to being falsified or forged or to using the name of an unlawful owner. Gaff sought, among other things, to obtain "clear and quiet title" to her property.

In response, Appellees[2] filed a combined answer; general denial, along with affirmative defenses; and motion to dismiss; however, the record does not reflect a response from any of the other defendants. At the outset of Appellees' document,

[1]Gaff's petition, which was filed on June 28, 2024, stated that she had discovered (not via any required mailed notices but by looking through the Tarrant County foreclosure listing) that a nonjudicial foreclosure of her property was scheduled for four days later.

[2]The opening paragraph of the answer notes that Gaff had incorrectly named some of the parties:

> COME NOW PHH Mortgage Corporation ("PHH") and U.S. Bank Trust Company, National Association, as trustee, as successor-in-interest to U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RP1 ("U.S. Bank") (*incorrectly named U.S. Bank Trust Company, National Association and incorrectly named separately as Residential Asset Mortgage Backed Pass Through Certificates, Series 2007-RPI*) . . . .

3

they gave notice of related cases, including three prior cases filed by Gaff. Appellees argued that Gaff's claims against them should be dismissed because they are barred by res judicata—contending that her claims in this matter had already been adjudicated by multiple courts—and thus have no basis in law or fact.

The trial court signed an order granting Appellees' Rule 91a motion, and this appeal followed.[3]

### III. Appellate Jurisdiction

As an initial matter, we address whether we have jurisdiction to consider the merits of this appeal.[4] As explained by the Houston First Court of Appeals,

> Appellate jurisdiction is never presumed, and we are obligated to review sua sponte issues affecting our jurisdiction. *State ex rel. Best v. Harper*, 562

---

[3]After filing her appellate brief, Gaff filed a "Motion for Judicial Notice [of] Record Inaccurate" and a "Motion for Judicial Notice [that] Computer Systems [Were] Compromised."

[4]On April 21, 2025, this court notified the parties of our concern that we might not have jurisdiction over this appeal from the trial court's "Order Granting Defendants PHH Mortgage Corporation and U.S. Bank's Motion to Dismiss Action Pursuant to 91a Tex. R. Civ. P." signed on October 2, 2024, because it did not appear to be a final judgment or an appealable interlocutory order. We explained that the petition, as well as the style of dismissal order, includes parties that do not appear to have been disposed of by the dismissal motion that was filed by only two of the defendants and that the record does not contain a severance order. We stated that unless Gaff or any party desiring to continue the appeal filed a response by April 28, 2025, showing grounds for continuing the appeal and a supplemental clerk's record with appropriate documents disposing of all parties who are not involved in this appeal, this appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. In response, Gaff filed "Appellant's Motion to Maintain Jurisdiction," but she did not state that she had taken any steps to obtain a final judgment, nor have we received a supplemental clerk's record with any documents disposing of the remaining parties.

4

S.W.3d 1, 7 (Tex. 2018). This [c]ourt generally has jurisdiction only over appeals from final judgments and specific interlocutory orders that the Texas Legislature has designated as appealable orders. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *see also* Tex. Civ. Prac. & Rem. Code [Ann.] § 51.014.

An order granting a motion to dismiss under Texas Rule of Civil Procedure 91a has not been specifically designated as an appealable interlocutory order. *See* Tex. Civ. Prac. & Rem. Code [Ann.] § 51.014; *see also DRC Constr. v. Pickle*, No. 01-20-00576-CV, 2022 WL 479918, at *4 (Tex. App.—Houston [1st Dist.] Feb. 17, 2022, no pet.) [(per curiam)] (mem. op.) (noting there is "[n]o statutory or other authority [that] allows for an interlocutory appeal from an order that grants a Rule 91a motion to dismiss but does not dispose of all pending claims").

*Harrell v. Evans*, No. 01-21-00666-CV, 2023 WL 3634318, at *3 (Tex. App.—Houston [1st Dist.] May 25, 2023, no pet.) (mem. op.).

Accordingly, we can exercise jurisdiction over this appeal only if the trial court's October 2, 2024 order constitutes a final judgment. "[C]ourts will deem a judgment without a trial to be final '(1) [when the judgment] actually disposes of every pending claim and party or (2) [when] it clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so.'" *Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 154 (Tex. 2023) (orig. proceeding) (quoting *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021)). As set forth above, Gaff sued more than just the two defendants who filed the motion to dismiss and who appear as Appellees in this appeal. The "Order Granting Defendants PHH Mortgage Corporation and U.S. Bank's Motion to Dismiss Action Pursuant to 91a Tex. R. Civ. P." does not dispose of Gaff's claims against the remaining defendants, nor does the

5

order state that it finally disposes of all claims and parties. *See Martinez Tovar v. Liberty Cnty. Mut. Ins. Co.*, No. 10-24-00233-CV, 2024 WL 3980345, at *1 (Tex. App.—Waco Aug. 29, 2024, no pet.) (mem. op.). And the record does not reflect that Gaff nonsuited her claims against the remaining defendants, nor does the record reflect a severance order that would make the October 2, 2024 order final. Because there is no statutory or other authority allowing for an interlocutory appeal from an order that grants a Rule 91a motion to dismiss but that does not dismiss all parties, we conclude that we lack jurisdiction over this appeal.

## IV. Conclusion

Because we lack jurisdiction, we dismiss this appeal. We also dismiss all pending motions as moot.

Per Curiam

Delivered: May 22, 2025